1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   ANTOINE L. RUNNER,

8                          Plaintiff,          CASE NO. C14-0695-RSM-MAT

9        v.

10  CAROLYN W. COLVIN, Acting          REPORT AND RECOMMENDATION RE:
    Commissioner of Social Security,   SOCIAL SECURITY DISABILITY
                                       APPEAL
11
                           Defendant.
12

13        Plaintiff Antoine Runner proceeds through counsel in his appeal of a final decision of the

14  Commissioner of the Social Security Administration (Commissioner).   The Commissioner

15  denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an

16  Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative

17  record (AR), and all memoranda of record, the Court recommends that this matter be

18  AFFIRMED.

19                      **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1961.[1]   He has an 11th-grade education and previously

21  worked as a prison clerk and garbage sorter.  (AR 83-84, 98-99.)

_____

22        [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
    Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case
23  Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

1    Plaintiff protectively filed an application for SSI on April 26, 2011, and subsequently

2   amended his alleged onset date to his application date.  (AR 77, 223-28, 235.)  His application

3   was denied at the initial level and on reconsideration, and he requested a hearing.  (AR 132-54.)

4    On September 6, 2012, ALJ Mary Gallagher Dilley held a hearing, taking testimony from

5   Plaintiff and a vocational expert (VE).  (AR 73-106.)  On November 29, 2012, the ALJ issued a

6   decision finding Plaintiff not disabled.  (AR 38-57.)

7    Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for review on

8   March 4, 2014 (AR 2-5), making the ALJ's decision the final decision of the Commissioner.

9   Plaintiff appealed this final decision of the Commissioner to this Court.

10   **JURISDICTION**

11    The Court has jurisdiction to review the ALJ's decision under 42 U.S.C. § 405(g).

12   **DISCUSSION**

13    The Commissioner follows a five-step sequential evaluation process for determining

14   whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

15   be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had worked

16   after the alleged onset date, but the work activity did not rise to the level of substantial gainful

17   activity.  (AR 40.)  At step two, it must be determined whether a claimant suffers from a severe

18   impairment.  The ALJ found severe Plaintiff's mood disorder.  (AR 40.)  Step three asks whether

19   a claimant's impairments meet or equal a listed impairment.  The ALJ found that Plaintiff's

20   impairment did not meet or equal the criteria of a listed impairment.  (AR 40-41.)

21    If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

22   residual functional capacity (RFC) and determine at step four whether the claimant demonstrated

23   an inability to perform past relevant work.  The ALJ found Plaintiff able to perform a full range

REPORT AND RECOMMENDATION
PAGE - 2

1   of work at all exertional levels, but with the following limitations: he is limited to "work

2   consistent with an 11th grade education and skills in reading and mathematics[.]" (AR 41.) He

3   can perform only simple, routine tasks; should have no contact with the general public; and

4   should have only superficial contact with co-workers. (*Id.*) With that RFC, the ALJ found

5   Plaintiff unable to perform past relevant work. (AR 55-56.)

6       The ALJ proceeded to step five of the sequential evaluation, where the burden shifts to

7   the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to

8   work that exists in significant levels in the national economy. With the assistance of a VE, the

9   ALJ found Plaintiff capable of performing representative occupations, including kitchen helper,

10  agricultural helper, and hand packer.

11      This Court's review of the ALJ's decision is limited to whether the decision is in

12  accordance with the law and the findings supported by substantial evidence in the record as a

13  whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more

14  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

15  mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747,

16  750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the

17  ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954

18  (9th Cir. 2002).

19      Plaintiff argues the ALJ erred by (1) failing to include post-traumatic stress disorder

20  (PTSD) as a severe impairment at step two; (2) failing to specifically address an opinion written

21  by examining psychologist Kristi Breen, Ph.D., and rejecting opinions written by psychiatrist

22

23

REPORT AND RECOMMENDATION
PAGE - 3

1  Joan Davis, M.D., and psychologist Wayne Dees, Psy.D.;[2] and (3) discounting the credibility of

2  Plaintiff's subjective statements.  The Commissioner argues the ALJ's decision is supported by

3  substantial evidence and should be affirmed.

4  <center>Step Two</center>

5       Plaintiff argues that the ALJ erred in excluding PTSD at step two.  The Commissioner

6  argues that any step-two error is harmless, because the ALJ considered all of Plaintiff's alleged

7  limitations when assessing his RFC and determined whether those allegations were credible.  *See*

8  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (failure to list impairment as severe at step

9  two harmless where limitations considered at step four).  Plaintiff argues that this error is not

10  harmless because "[o]pinions erroneously set aside by the ALJ contain limitations flowing from

11  [Plaintiff's] PTSD which were not accounted for by the ALJ."  Dkt. 21 at 2.  Because it appears

12  that Plaintiff's step-two error is in fact enveloped within his arguments regarding the medical

13  opinion evidence, the court will not address it separately.

14  <center>Medical Opinion Evidence</center>

15       Plaintiff challenges the ALJ's assessment of medical opinions provided by Drs. Breen,

16  Davis, and Dees, arguing that the ALJ failed to individually address Dr. Breen's opinion and

17  erred in discounting the opinions of Drs. Davis and Dees.

18       In general, more weight should be given to the opinion of a treating physician than to a

19  non-treating physician, and more weight to the opinion of an examining physician than to a non-

20
21
22
23
---
[2] Plaintiff includes an additional assignment of error that restates the same arguments regarding medical opinions: Plaintiff contends that the ALJ erred in failing to include the social limitations noted by Drs. Breen, Davis, and Dees. Dkt. 16 at 11-14.  Plaintiff also cites other opinions regarding his social limitations (Dkt. 16 at 13), but does not address the ALJ's assessment of that evidence or explain why the ALJ's assessment was erroneous. *See* AR 48, 54, 55 (ALJ's discussion of the evidence mentioned by Plaintiff).  Accordingly, this error will be addressed in the context of the ALJ's assessment of the medical opinions.

REPORT AND RECOMMENDATION
PAGE - 4

1  examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not

2  contradicted by another physician, a treating or examining physician's opinion may be rejected

3  only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396

4  (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion may not be

5  rejected without "'specific and legitimate reasons' supported by substantial evidence in the

6  record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

7  1983)).  The ALJ may reject physicians' opinions "by setting out a detailed and thorough

8  summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

9  making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881

10  F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set forth [her] own

11  interpretations and explain why they, rather than the doctors', are correct."  *Id*.  (citing *Embrey v.

12  *Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

13        Dr. Breen examined Plaintiff in June 2011 for purposes of establishing DSHS benefits

14  eligibility.  (AR 301-07.)  Dr. Breen did not review any records (AR 301), and relied on

15  Plaintiff's description of his psychiatric history and symptoms (AR 302).  Dr. Breen diagnosed

16  Plaintiff with mood disorder NOS and paranoid personality disorder, and noted a rule-out

17  diagnosis of learning disorder and/or attention deficit hyperactivity disorder.  (AR 303.)  Dr.

18  Breen opined that Plaintiff "may be capable of doing simple tasks away from other people."

19  (AR 304.)

20        The ALJ summarized Dr. Breen's findings (AR 45-46), and explained that she discounted

21  Dr. Breen's and other opinions due to the examiners' reliance on non-credible self-reporting,

22  without access to the entire record.  (AR 45.)  The ALJ also indicated that Dr. Breen's paranoid

23  personality disorder was questioned by reviewing psychologist Faulder Colby, Ph.D.: Dr. Colby

REPORT AND RECOMMENDATION
PAGE - 5

1  noted that Dr. Breen's opinion fails to specify which diagnostic criteria Plaintiff met.  (AR 52

2  (citing AR 355).)

3  Plaintiff argues that the ALJ "failed to individually address the opinion of Dr. Breen"

4  (Dkt. 21 at 2), but Plaintiff is mistaken.  *See* AR 45-46, 52.  The ALJ did point out that multiple

5  medical opinions suffered from the same deficit — namely reliance on Plaintiff's self-report —

6  which Plaintiff apparently concedes.  *See* Dkt. 21 at 3 (conceding that all of his examiners "relied

7  upon [his] reports, saw him on limited occasions and had limited knowledge of his record").

8  Reliance on non-credible self-report is, however, a legitimate reason to discount a medical

9  opinion to the extent that the opinion is not supported by the provider's own observations.  *See*

10  *Ghanim v. Colvin*, 763 F.3d 1154, 1162-63 (9th Cir. 2014); *Bray v. Comm'r of Social Sec.*

11  *Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Ryan v. Comm'r of Social Sec. Admin.*, 528 F.3d

12  1194, 1199-1200 (9th Cir. 2008).  The opinions of Dr. Breen, as well as Drs. Davis and Dees,

13  contain indications that the providers relied on Plaintiff's subjective statements in rendering their

14  opinions.  *See* AR 303-04 (Dr. Breen reiterating Plaintiff's statements regarding functional

15  abilities), 322 (Dr. Davis reporting Plaintiff's description of symptoms), 361-63 (Dr. Dees

16  reports Plaintiff's description of symptoms, which Dr. Dees himself found to be unreliable).

17  Thus, because the challenged opinions do rely on Plaintiff's subjective reporting — a fact which

18  Plaintiff does not dispute — the ALJ was entitled to discount those opinions to the extent that

19  they were based on Plaintiff's self-reporting rather than clinical observations, because the ALJ

20  properly discounted Plaintiff's credibility (as discussed *infra*).

21  Plaintiff more generally questions the logic of the ALJ's assessment of the medical

22  evidence: if, as the ALJ stated, the medical opinions were so unreliable, due to dependence on

23  his subjective self-reporting without a longitudinal perspective, then the ALJ erred in crediting

REPORT AND RECOMMENDATION
PAGE - 6

1   any portion of the opinions of Drs. Breen, Davis, and Dees. Dkt. 21 at 3. According to Plaintiff,

2   the ALJ erred in not applying an "all or nothing" approach to the findings of Drs. Breen, Davis,

3   and Dees. Dkt. 21 at 3.

4         Plaintiff's argument overlooks the reality of the medical opinions at issue: some portions

5   of the opinions are supported by the providers' observations, and some portions are not, which

6   defies an all-or-nothing approach. For example, Drs. Breen and Dees tested Plaintiff's ability to

7   understand and follow simple and complex instructions, and opined that based on his

8   performance during the examination, they believed Plaintiff could perform simple, but not

9   complex, tasks. (AR 303, 362-63.) Dr. Davis indicated that her opinion about Plaintiff's ability

10  to perform simple tasks was based on her testing of Plaintiff's memory. (AR 324.) But all three

11  providers cited at most Plaintiff's own self-report when finding him incapable of working around

12  anyone or in handling workplace stress, or occasionally provided no support or rationale

13  whatsoever for their opinions. (AR 302, 324, 362.) The ALJ was entitled to consider the entire

14  content of the providers' opinions, and determine which portions were supported and consistent

15  with the record, when weighing the probative value of the opinions. *See* 20 C.F.R. §

16  404.1527(c). Plaintiff cites no authority for his argument that the ALJ must either wholly accept

17  or wholly reject a medical opinion, and the Court is not aware of any authority requiring such an

18  approach. Accordingly, because Plaintiff has failed to identify an error in the ALJ's assessment

19  of the medical opinion evidence, the ALJ's assessment should be affirmed.

20  <div align="center">Credibility</div>

21        The ALJ provided a number of reasons to discount the credibility of Plaintiff's subjective

22  statements, including (1) Plaintiff's inconsistent reporting of symptoms, (2) evidence that

23  Plaintiff overreported his symptoms, and (3) inconsistency with Plaintiff's work history. (AR

REPORT AND RECOMMENDATION
PAGE - 7

1   43-53.)   An ALJ's reasons to discount a claimant's subjective statements must be clear and

2   convincing.  *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014).

3          Plaintiff first attacks the ALJ's adverse credibility determination on the grounds that no

4   provider questioned his truthfulness, but that only the ALJ disputed his credibility.  Dkt. 16 at 15,

5   19.  This is incorrect.  Dr. Dees believed Plaintiff overreported his depression symptoms.  (AR

6   361.)

7          Plaintiff also argues that the inconsistencies in his reporting of symptoms could be

8   interpreted in an unspecified way that would not undermine his credibility.  Dkt. 16 at 15.  This

9   argument fails for two reasons: inconsistencies in a claimant's testimony are indeed a valid

10  reason to discount the claimant's credibility.  *See Light v. Social Sec. Admin.*, 119 F.3d 789, 792

11  (9th Cir. 1997).   Second, the ALJ is entitled to draw reasonable inferences from the record.

12  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).   Theorizing about an alternative

13  explanation for Plaintiff's inconsistencies does not establish that the ALJ's interpretation was not

14  reasonable.

15         Plaintiff specifically challenges the ALJ's findings regarding his inconsistent reporting of

16  his childhood sexual abuse, arguing that such abuse is difficult to discuss and Plaintiff's

17  reluctance to disclose it should not have been held against him.  Dkt. 21 at 5.  Even if that were

18  true, the ALJ cited numerous other inconsistencies that do not involve reporting childhood abuse.

19  For example, the ALJ cited examples where Plaintiff inaccurately reported his education history

20  (AR 47), denied experiencing trauma flashbacks to Dr. Dees in June 2012 while endorsing the

21  symptom in March 2012 (AR 47-48), failing to report witnessing prison violence to some

22  providers but attributing all of his mental health symptoms to such trauma at other times (AR 43,

23  48).  Plaintiff has not explained why these inconsistencies do not undermine his credibility.

REPORT AND RECOMMENDATION
PAGE - 8

1    Plaintiff also challenges the ALJ's interpretation of his work history: the ALJ found that

2  Plaintiff's work history as a drug dealer indicated his "ability to interact with his customers."

3  (AR 50.)  Plaintiff argues that his experience as a drug dealer does not demonstrate an ability to

4  interact in a "substantial or consistent fashion," and that he might have been the type of drug

5  dealer that interacted by use of threats, which would not suggest an ability to interact

6  successfully in the workplace.  Dkt. 16 at 18.  Plaintiff misses the ALJ's point: the ALJ cited

7  evidence of Plaintiff's experience as a drug dealer as evidence inconsistent with his allegations

8  that he could not work with others or trust them ever since he was 15.  (AR 50.)  Plaintiff

9  admitted that he worked as a drug dealer, and was convicted as part of a conspiracy to distribute

10  drugs, after the age of 15; this evidence can be reasonably interpreted as evidence that is

11  inconsistent with Plaintiff's allegations.

12    The ALJ also noted Plaintiff was able to work full-time while in prison, which

13  undermines the credibility of Plaintiff's allegations that he has been unable to work ever since

14  his childhood abuse.  *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992).  The ALJ

15  went on to state that although Plaintiff testified that he quit his garbage-sorting job due to trouble

16  being around people, the job ended around the same time he returned to jail, suggesting that he

17  may not have actually quit.  (AR 50.)  The Court agrees that the ALJ merely speculated as to the

18  reason for the end of Plaintiff's job, without any evidence to support the ALJ's disbelief of

19  Plaintiff's testimony (AR 84).  *See* Social Security Ruling 86-8, 1986 WL 68636, at *8 (Jan. 1,

20  1986) ("Reasonable inferences may be drawn, but presumptions, speculations and suppositions

21  should not be substituted for evidence.").  This error is harmless in light of the ALJ's other valid

22  reasons supporting her adverse credibility determination.  *See Carmickle v. Comm'r of Social*

23  *Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

REPORT AND RECOMMENDATION
PAGE - 9

CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 27, 2015**.

DATED this 6th day of March, 2015.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 10